## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN C. KELLER,

        Plaintiff,

        vs.                              CIV No. 13-674 CG

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant's Motion to Dismiss* (the "Motion"), (Doc. 11), filed January 16, 2014; Plaintiff's *Response to Defendant's Motion to Dismiss (Doc. 11)* (the "Response"), (Doc. 16), filed January 29, 2014; and *Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss* (the "Reply"), (Doc. 17), filed February 18, 2014. After reviewing the Motion, the Response, the Reply, and relevant law, the Court finds that the Motion should be **DENIED** and that this case be **REMANDED** to the Commissioner for further proceedings.

### I.      Procedural and Factual Background

On August 9, 2011, Mr. John C. Keller requested a hearing before an administrative law judge ("ALJ") regarding his claims for disability insurance benefits and social security income. (Doc. 11-2 at 1). On June 19, 2012, a Notice of Hearing was mailed to Mr. Keller at his last known address. (*Id*). The Notice advised him of the time and place of the hearing, and contained an explanation of the procedures for requesting a change in the time and place of the hearing. (*Id*). The Notice also reminded him that

failing to appear at the hearing without good cause could result in the dismissal of his request. (*Id*). Enclosed with the Notice was an Acknowledgement of Receipt form, which Mr. Keller did not return. (*Id*). As a result and pursuant to 20 C.F.R. §§ 404.938 and 416.1438, an attempt was made to contact Mr. Keller. (*Id*). Finally, a Notice of Hearing Reminder was sent to Mr. Keller, again advising him of the time and place of the hearing. (*Id*). Ultimately, Mr. Keller did not appear at the hearing on July 31, 2012 before ALJ Ann Farris. (*Id*). At that time, Mr. Keller was unrepresented. (*Id*).

The ALJ noted Mr. Keller's failure to appear and, after considering the factors set forth in 20 CFR §§ 404.957(b)(2) and 416.1457(b)(2), found that there was no good cause for his absence. (*Id*. at 2). Accordingly, the ALJ dismissed Mr. Keller's request for a hearing, and ordered that the prior agency determination remain in effect. (*Id*; *see* Doc. 11-1 at 2-3). Through counsel, Mr. Keller then filed an application for review by the Appeals Council of the ALJ's decision, which was denied on May 23, 2013. (Doc. 11-1 at 3). On July 22, 2013, Mr. Keller filed this action. (Doc. 1).

In his Complaint, Mr. Keller alleges that ALJ Farris' decision is the "final" decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal, and that it is erroneous as a matter of law and regulation. (Doc. 1 at 1). The Complaint specifically states that Mr. Keller has exhausted administrative remedies and that this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). (Doc. 1 at 2).

The Commissioner filed a Motion to Dismiss on January 16, 2014, arguing that because Mr. Keller failed to appear at his hearing, he did not exhaust his administrative remedies. (Doc. 11).  The Commissioner contends that Mr. Keller was given proper

notice for the hearing and the ALJ properly considered the regulatory factors to decide

that there was no good cause for his failure to appear. (*Id*). As a result, Mr. Keller has

not received a "final decision" under 42 U.S.C. § 405(g). (*Id*). Therefore, the

Commissioner argues, the Court does not have subject matter jurisdiction to hear this

appeal. (*Id*).

Mr. Keller responds that the Court should deny the Motion on the grounds that

the ALJ denied Mr. Keller his procedural due process rights. (Doc. 16 at 1). He

maintains that he suffers from several mental impairments that prevented him from

appearing at the hearing. (Doc. 16). Attached to his Response, Mr. Keller includes his

own affidavit stating that he was unable to appear due to his mental impairments. In

addition, Mr. Keller attaches a neuropsychological evaluation report by Dr. Robert J.

Thoma, (Doc. 16-2), and residual functional capacity assessments by Dr. Katharine B.

Hull and Dr. Edward Fancovic. (Doc. 16-3).

**II.   Analysis**

*A. Exhaustion Requirement in Social Security Cases*

In social security cases, federal courts have statutory jurisdiction to review

"any final decision of the Commissioner." *Griffin v. Astrue*, No. 08-1054, 300 Fed. Appx.

615, 616 (10th Cir. Nov. 28, 2008) (unpublished) (citing 42 U.S.C. §405 (g)). Under the

Social Security regulations, a decision is not "final" until a claimant has exhausted his

administrative remedies. *Allred v. Soc. Sec. Admin.*, No. 08-4079, 315 Fed. Appx. 74,

75 (10th Cir. Feb. 26, 2009) (unpublished) (citing 20 C.F.R. §§ 404.900(a),

416.1400(a)). Specifically, before a claimant files for judicial review, he must complete a

four-step administrative process by: (1) first obtaining an initial determination about his

disability benefits application; (2) if dissatisfied with the initial determination, requesting reconsideration; (3) if dissatisfied with the reconsideration determination, requesting a hearing before an ALJ; and (4) if the ALJ issues an unfavorable decision, filing an application for review by the Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a); *Griffin*, 300 Fed. Appx. at 617.

The statutory and regulatory language "'clearly limits judicial review to a particular type of agency action,' and precludes review where agency proceedings terminate without a hearing." *Kiiker v. Astrue*, No. 09-3209, 364 Fed. Appx. 408, 409 (10th Cir. Jan. 28, 2010) (unpublished) (citing *Califano v. Sanders*, 430 U.S. 99, 108 (1977)). Thus, where the ALJ dismisses a claim without a hearing because a claimant fails to appear, federal courts do not have jurisdiction to review the dismissal. *Kiiker*, 364 Fed. Appx. at 409.

Here, Mr. Keller failed to exhaust his administrative remedies because he did not appear at the hearing on July 31, 2012. (Doc. 11-2). Therefore, the ALJ's decision dismissing his request for a hearing is not a "final" decision under the statute.

B. *Waiving the Exhaustion Requirement*

Nevertheless, Mr. Keller urges this Court to waive the exhaustion requirement. He argues that he has presented a colorable constitutional challenge to the Commissioner's ruling below, providing this Court with jurisdiction. (Doc. 16 at 3-4). Mr. Keller maintains that he suffered from several mental impairments at the time of the hearing, preventing him from understanding and pursuing his administrative remedies. (*Id*).

A court may waive the exhaustion requirement, and thereby exercise jurisdiction,

where a claimant presents a colorable constitutional claim with respect to the administrative ruling. *See Califano*, 430 U.S. at 107-08 (explaining that judicial review of a denial of a petition to reopen would not be foreclosed if challenged on constitutional grounds); *see also Nelson v. Sec'y of Health and Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990) (declining to review the ALJ's denial of the claimant's request for a hearing where there was no colorable constitutional claim). Courts have applied this reasoning where a claimant has failed to appear at an administrative hearing. *See Kiiker*, 364 Fed. Appx. at 409; *Hines v. Bowen*, 671 F.Supp. 10, 10-11 (D.N.J. 1987); *Allen v. Barnhart*, No. 06-0038-WPL, slip op. at *7 (D.N.M. filed Aug. 3, 2006).

Generally, a colorable due process challenge exists where a claimant suffers from a mental impairment that prevents him from understanding or acting upon notice of administrative remedies. *Parker v. Califano,* 644 F.2d 1199, 1202–03 (6th Cir.1981); *Penner v. Schweiker,* 701 F.2d 256, 257 (3d Cir.1983); *Allen*, No. 06-0038-WPL at *7. In order to be a colorable constitutional claim, courts have held that the issue presented "must have 'some merit,' and not be 'wholly insubstantial or frivolous.'" *Tucker v. Sullivan*, 779 F.Supp. 1290, 1295-96 (D.Kan. 1991) (citing *Koerpel v. Heclker*, 797 F.2d 858, 863 (10th Cir. 1986) (internal citations omitted)). Indeed, it cannot "clearly appear to be immaterial and made solely for the purpose of obtaining jurisdiction." *Tucker*, 779 F.Supp. at 1296 (internal citations omitted).

In determining whether a claimant's alleged mental impairment rises to the level of a colorable due process claim, the Tenth Circuit has emphasized that the allegations should be supported by objective medical evidence.  *See Nelson*, 927 F.2d at 1111; *Blair v. Apfel*, 229 F.3d 1294, 1296 (10th Cir. 2000); *Tucker*, 779 F.Supp. at 1296; *Allen*,

No. 06-0038-WPL at *8-10. In addition, courts have looked to whether the claimant alleges that his mental impairment inhibits his ability to exhaust administrative remedies and whether the claimant was represented at the time he failed to understand and act on notice. *See Tucker*, 779 F.Supp. at 1296; *Brown v. Shalala*, No. 93-4265-RDR, 1994 WL 413929, at *3 (D.Kan. July 27, 1994); *Graham v. Barnhart*, No. 01-4101, 2002 WL 31007929, at *6 (D.Kan. Sept. 5, 2002); *Allen*, No. 06-0038-WPL at *8-10.

In applying these factors to the case at bar, the Court finds that Mr. Keller has raised a colorable constitutional claim with respect to the dismissal of his request for a hearing. Mr. Keller alleges that he suffers from specific, diagnosable, mental impairments that inhibited his ability to understand or act on the notice advising him to appear at the hearing. (Doc. 16-1 at 2-3:4-6). He states that his struggles with attention deficit disorder, depression, and anxiety produce issues with memory and cause him to become overwhelmed. (*Id*). There is no indication that Mr. Keller has created this argument merely as a *post hoc* justification for jurisdiction.[1] Indeed, Mr. Keller has presented objective medical evidence, including reports from three different physicians, of several mental health diagnoses and treatment. (*See* Docs. 16-2, 16-3).

The Commissioner argues that Mr. Keller cites to medical evidence dated several months to a year from the date the ALJ issued her order of dismissal. The Commissioner claims that those records do not support an argument that Mr. Keller suffered from those impairments at the time of the hearing. (Doc. 17 at 3). However, the evaluations presented are close enough to the date of the hearing to suggest that Mr. Keller suffered from severe mental impairments at that time. *Cf. Devereaux v. Chater*,

---

[1] Mr. Keller states in his affidavit that he had previously been found disabled by the Commissioner due to several psychiatric disorders, including attention deficit disorder, major depression, and anxiety. (Doc. 16-1 at 1:2).

78 F.3d 597, *3-4 (10th Cir. 1996) (finding insufficient evidence of a colorable constitutional claim where claimant used objective medical evidence from 1991 to support alleged mental impairments in 1975). In November 2012, only four months after the hearing, Dr. Robert J. Thoma gave Mr. Keller a global assessment of functioning ("GAF") score of 25, and diagnosed him with several mental impairments, including: attention deficit disorder with hyperactivity; executive functioning syndrome; major depressive disorder, single episode, unspecified; generalized anxiety disorder; and a personality disorder not otherwise specified.[2] (Doc. 16-2 at 13). The severity of these conditions, and their diagnoses within four months from the date of the hearing, suggest that Mr. Keller had been suffering from these conditions at the time of, or prior to, the hearing.

Moreover, despite the dates of the reports, the contents of the evaluations refer to a history of treatment for mental impairments that pre-dates the July 2012 hearing date. For instance, Dr. Thoma reports that Mr. Keller's "memory problems [became] more severe in recent years," (Doc. 16-2 at 1), and that he "tried anti-depressant medications in the past." (*Id*). The evaluation also refers to other medical records, which "indicate current diagnoses consisting of Attention Deficit Disorder, Epilepsy, and Tobacco use disorder." (Doc. 16-2 at 2). In addition, Dr. Edward Fancovic's assessment, which indicates that Mr. Keller has marked limitations in several areas of functioning, considered Mr. Keller's medical history from 2009 to the current

---

[2] "The GAF is a subjective determination based on a scale of 100 to 1 of 'the clinician's judgment of the individual's overall level of functioning.'" *Langley,* 373 F.3d at 1122 n.3 (quoting American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) [DSM–IV–TR] at 32). "A GAF score of 21-30 indicates '[b]ehavior is considerably influence by delusions or hallucinations' or that a claimant suffers from 'serious impairment in communication or judgment' or that she has an 'inability to function in almost all areas.'" *Roybal v. Astrue*, No. 06-4189, 224 Fed. Appx. 843, 845 n.1 (10th Cir. May 22, 2007) (quoting DSM-IV-TR at 34).

examination in January 2013. (Doc. 16-3 at 5). In fact, Dr. Fancovic had referred Mr.

Keller to Dr. Thoma in November 2012, suggesting he had a treatment relationship with

Mr. Keller prior to the date of his January 2013 assessment. (Doc. 16-2 at 1).

Finally, the Court notes that Mr. Keller was unrepresented at the administrative

level. Mr. Keller was not represented by Mr. Armstrong until September 25, 2012. (Doc

16-1 at 1:4).

The Commissioner further argues that the ALJ expressly considered Mr. Keller's

mental impairments in her determination that Mr. Keller did not have good cause for his

failure to appear, since she explicitly stated she considered the factors set forth in 20

C.F.R. §§ 404.957(b)(2) and 416.1457(b)(2). (Doc. 17 at 3). While the ALJ did state that

she considered the factors set forth in 20 C.F.R. §§ 404.957(b)(2) and 416.1457(b)(2) in

finding that there was no good cause for Mr. Keller's failure to appear, her decision does

not include a discussion, or an acknowledgement, of Mr. Keller's mental impairments.

(Doc. 11-2 at 2). Given Mr. Keller's medical history, this Court believes that such a

discussion was warranted. Even if the ALJ was not presented with evidence that Mr.

Keller suffered from mental impairments on the day of the hearing, he has since

provided sufficient medical evidence to raise a colorable constitutional claim with

respect to the dismissal. On remand, the ALJ should develop the record as necessary

to determine whether Mr. Keller did indeed suffer from a mental impairment that would

inhibit his ability to understand the administrative process.

Because Mr. Keller has alleged that he suffers from mental impairments that

have inhibited his ability to understand or act on notice of the July 2012 hearing, has

provided objective medical evidence supporting those allegations, and was

unrepresented at the administrative level, the Court finds that he has alleged a colorable constitutional claim as to his due process rights. As a result, this Court has jurisdiction to review the ALJ's decision to dismiss Mr. Keller's request for a hearing.

## III.    Conclusion

For the foregoing reasons, the Court concludes that Mr. Keller has presented a colorable constitutional claim. Accordingly, the Court will remand the case to the Commissioner to develop the record and determine whether Mr. Keller's purported mental disability prevented him from understanding and acting on the notice of the hearing. *Tucker*, 779 F.Supp. at 1296 (citing *Elchediak v. Heckler*, 750 F.2d 892, 894-95 (11th Cir. 1985)). The Court does not decide any other issue raised by Mr. Keller, as these matters are mooted by the proceedings conducted or the disposition reached on remand.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss*, (Doc. 11), be **DENIED** and that this case be **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE